LEVY, INTERPLEADER, Appellant, v. LEVY, Respondent.

1. A. and B., by attachment, levied on stock of goods as property of B.; C. filed interplea claiming attached property. On the trial, B. testified to having sold the goods to C. and that C. and B. had made a deed of trust on said goods to D. After introducing testimony to impeach B., A. offered to introduce in evidence the deed from B. and C. to D., which was excluded. *Held*, that if the deed was offered to show an incumbrance upon the title of the interpleader to the property, it was properly excluded; that the deed was undoubtedly evidence for the purpose of showing circumstances leading to a suspicion of fraud, and that the rejection of the deed is not sufficient ground for reversal.

*Appeal from Chariton Circuit Court.*

Keiler & Co. sued Sylvain Levy, by attachment, and levied on a stock of goods as the property of defendant. Jacob Levy filed an interplea claiming the attached property. On the trial of the interplea, the interpleader introduced as a witness the defendant, Sylvain Levy, who testified that some time before the attachment he sold the attached property to his brother, the interpleader; that at and before such sale he was indebted to his brother in a large amount, and that the sale was made in payment of such indebtedness; that said sale was made at one or two o'clock in the morning, because defendant expected his property to be attached by others. He testified that he and interpleader executed a deed of trust before the attachment to Jacob Smith, as trustee of Taussig & Co. Keiler & Co., after introducing witnesses tending to impeach the credit of Sylvain Levy, offered to read to the jury the deed of trust executed by interpleader and defendant to Jacob Smith, as trustee for Taussig & Co., conveying to him the attached property. This deed the court excluded.

*Mullins & Harris*, for appellant.

I. The deed of trust from the two Levys to Smith should have been permitted to go to the jury. It showed title, or, at all events, the right to the possession of the goods to be in

Smith, the trustee. If it was not competent in the state of the pleading to show title in Smith, it seems that it was competent for the plaintiffs to show by the deed that the title to the goods or the right to possession of them was not in the interpleader. Further, the defendant in the attachment, in his examination by the interpleader, had testified as to the existence of this deed, its occasion and intent, and it surely was proper after parol evidence as to the deed had been introduced by one party that the other party should have been permitted to introduce the deed so that it might speak for and explain itself. A document admissible for any purpose should be read. (Allen v. Moss. 27 Mo. R. p. 363.)

*Adams,* for respondent.

I. The fact of the execution of the deed of trust by the claimant, and the defendant in the attachment to Smith to secure a debt to Abeles, Taussig & Co., and the notice and contents of that deed were already in evidence before the jury, and therefore the mere formal reading of the deed of trust could have added nothing to what was already before them. The only possible purpose in reading the deed was to show that the defendant in the attachment had intermeddled with the goods by joining in giving this deed after his sale to the claimant, and this fact of giving the deed and its contents had already been proven by the evidence of Sylvain Levy. It would be an idle pretence to think of reversing this judgment because the formal reading of that deed was excluded.

NAPTON, Judge, delivered the opinion of the court.

The only error assigned and insisted on, upon the argument of this case, is the exclusion of the deed of trust, executed by the Levys to one Smith, to secure a debt of about a thousand dollars to Taussig & Co., of St. Louis.

If this deed was offered to show an encumbrance upon the title of the interpleader to the property, it was properly excluded. It did not concern the plaintiffs in the attach-

Levy v. Levy.

ment suit that other persons had an interest, in conjunction with the interpleader, in the property attached, or that the interest of the interpleader was subject to the claims of a stranger. This was a matter to be settled between the interpleader and the mortgagee or trustee, and if he had the possession of the property, when the attachment was levied, his claim may be inferred to have been made with their acquiescence.

The deed may have been offered to show circumstances leading to a suspicion of fraud, and it was undoubtedly evidence for this purpose; but the fact that such a deed had been made, and was executed by both the Levys, and the circumstances under which it was executed, were already in evidence. Regarding the proffered reading of the deed in this light, we do not see why it was objected to; but we do not perceive any purpose to be attained by its formal exhibition to the jury, which proof of its existence and contents had not already accomplished. It was admitted, or at least proved, without any attempt at contradiction, that such a deed was executed by J. and S. Levy; its contents or purport was stated, and the manner and form of its execution was stated. The formal reading of the deed could not have varied the effect of the testimony in any respect, and although we think the deed might have been admitted, yet its rejection under the circumstances is not sufficient to authorize a reversal of the judgment. We suppose the deed was rejected on the ground that it was offered to prove title in the trustee, and on this ground it was rightly rejected. It might have been admitted, however, as evidence tending to show fraud; but as everything connected with its execution, having any bearing upon this point of view, had already been proved, the deed itself was unimportant, and its rejection could not have prejudiced the case of the plaintiff in the attachment.

Judgment affirmed; Judge Ewing concurs. Judge Scott absent.